```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                               :

ISAIAS L. TERRERO and                :   BK No. 07-10230
ACELIA A. TERRERO                           Chapter 13
         Debtors
- - - - - - - - - - - - - - - - - -x
```

### ORDER DENYING RELIEF FROM STAY WITHOUT PREJUDICE

APPEARANCES:

    James E. Kelleher, Esq.
    Attorney for Debtors
    REVENS, REVENS & ST. PIERRE
    946 Centerville Road
    Warwick, Rhode Island 02886

    Armando E. Batastini, Esq.
    Attorney for Creditor, Wells Fargo Bank, N.A.,
     as Trustee for CBA Commercial Assets,
     Small Balance Commercial Mortgage Pass-Through
     Certificates, Series 2005-1 Fleet Nat'l Bank
    EDWARDS ANGELL PALMER & DODGE LLP.
    2800 Financial Plaza
    Providence, Rhode Island 02903

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 07-10230

Heard on the motion of Wells Fargo Bank, N.A., seeking relief from stay and for leave to foreclose on the Debtors' commercial property at 1137 Broad Street, Providence, Rhode Island. At an evidentiary hearing on June 13, 2007, Thomas Sweeney, on behalf of Wells Fargo, stated that the market value of the subject property was $390,000, based on an appraisal done without the benefit of an interior inspection. *See* Exhibit A. After inspecting the property, Sweeney increased his estimate of value to $570,000.

The Debtor introduced an appraisal by Roch Appraisal Company dated April 1, 2005, which placed the value of the property at $900,000. *See* Exhibit 1. Gerald Roch testified that he did not personally do the initial appraisal, which was completed by an associate in his firm, Paul Cunningham. Roch stated that he was hired by the Debtors to determine whether the Cunningham value was still valid in today's market. Roch's fee for that service was $300. Conducting only limited research (as would be expected from the scope of his engagement), Roch maintained that $900,000 was still a fair figure.

Without an in-depth analysis, and notwithstanding several glaring problems with the creditor's appraisal, the Debtors' evidence of value is even less helpful to the Court than that of Wells Fargo. Therefore, at the conclusion of the evidence the

1

BK No. 07-10230

Court held a chambers conference primarily to discuss the serious shortcomings of the testimony of both parties' experts. At the conclusion of the conference the parties agreed to jointly hire an independent appraiser to assist the Court, and they selected Peter Scotti of Scotti & Associates. *See* Consent Order, Doc. No. 54. At a continued hearing on July 18, 2007, Wells Fargo introduced, without objection, the Scotti appraisal which places the value of the property as of June 19, 2007, at $525,000. *See* Exhibit B. Based upon the evidence of value in the record I find, for purpose of this hearing, that the value of the subject real estate is $525,000.

Wells Fargo argues that it is entitled to relief from stay under 11 U.S.C. § 362(d)(2) because: (1) the Debtors have no equity in the real estate; and (2) the property is not necessary for an effective reorganization. With a market value of $525,000 and a balance due in excess of $560,000, it appears that Wells Fargo met its burden of demonstrating lack of equity. The Debtors, who utilize the property exclusively to conduct the business from which they derive their income, have proposed a Chapter 13 Plan that will cure the arrearage. Wells Fargo has not objected to the proposed plan. The Chapter 13 Trustee states that the plan is feasible and that the Debtors have commenced making payments as

BK No. 07-10230

required under 11 U.S.C. § 1326(a)(1). In the present circumstances, I find that the property is necessary for an effective reorganization.

Accordingly, Wells Fargo's motion for relief from stay is DENIED, *without prejudice*. While confirmation was scheduled to be heard as well, I will defer ruling on confirmation and provide Debtors the opportunity to assess their proposed plan, in light of today's determination that the market value of the subject property is $525,000. The hearing on confirmation is continued to August 16, 2007, and amendments to the present plan must be filed on or before August 8, 2007.

Dated at Providence, Rhode Island, this    23rd    day of July, 2007.

                                           Arthur N. Votolato
                                           U.S. Bankruptcy Judge

Entered on docket: 7/24/2007