```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF RHODE ISLAND
```

In re:

    ISAIAS TERRERO                        BK-07-10230
    ACELIA TERRERO
        Debtor(s)                     CHAPTER 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on August 8, 2007. The Debtor(s) filed a Certificate of Service on August 8, 2007 reflecting that the Plan was served on all creditors and parties-in-interest. No objections to the confirmation of the plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

    1. The Plan is confirmed. The term of the Plan is 60 months.

    2. The Debtors shall pay to the Office of the Standing Chapter 13 Trustee, P.O. Box 2561, Providence, RI 02906, the sum of $4,000.00 per month for 60 months.

    3. The debtors shall pay to the trustee federal income tax refunds received during each year of the Plan.

    4. The effective date of confirmation of the Plan is August 29, 2007.

    5. This matter will be set down for review in one year.

6. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary which is incorporated herein by reference.

7. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

8. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

9. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan where it shall be made to appear at a hearing upon such notice as the Court may designate that the circumstances so warrant or so require.

10. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

In re: Isaias & Acelia Terrero                                BK-07-10230
Order Confirming Chapter 13 Plan

    11. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

    12. Under 11 U.S.C. §1325(a)(8) and §1328(a), if the debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may be entered.

    13. Upon completion of the plan, a discharge shall be entered unless: (a) after motion and hearing the court determines that the debtor is not entitled to one pursuant to 11 U.S.C. §1328(h), or; (b) the Debtor is otherwise not entitled to one pursuance to 11 U.S.C. §1328.

    14. The plan meets all of the requirements set forth in 11 U.S.C. §1325(a).

| ORDER: | ENTER: |
|---|---|
| ang | /s/ Arthur N. Votolato |
| Deputy Clerk | Arthur N. Votolato |
|  | Bankruptcy Judge |
| Entered on: |  |
| 9/19/07 | 9/19/07 |

In re: Isaias & Acelia Terrero BK-07-10230
Order Confirming Chapter 13 Plan

## CERTIFICATION

I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Mr. & Mrs. Isaias Terrero, 14 Betsey Williams Dr., Providence, RI 02905 and electronically mailed to James Kelleher, Esq. at jamesk@rrsplaw.com; Stacy Ferrara, Esq. at stacyferrara@earthlink.net; Armando Batastini, Esq. at abatastini@eapdlaw.com; Andrew Harmon, Esq. at ribk@harmonlaw.com; Matthew Dyer, Esq. at bkmail@mrdefault.com on September 11, 2007.

/s/Martha Hunt

In re: Isaias & Acelia Terrero                          BK-07-10230

<u>SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN</u>

A.  ADMINISTRATIVE CLAIMS

   Attorney's fees due to James Kelleher, Esq. in the amount of $1,000.00 shall be paid first.

B.  PRIORITY CLAIMS

   None

C.  SECURED CLAIMS

   1.  Modified Secured Claims

       Providence Economic Development Partnership will be paid a secured debt in the amount of $30,000.00. The balance of said debt is deemed to be unsecured.

   2.  Unmodified Secured Claims

       America's Servicing Co. will be paid its pre-petition arrearage in the approximate amount of $21,685.00 and Wells Fargo Bank will be paid its pre-petition arrearage in the approximate amount of $40,309.64 on a pro rata basis next after payment of administrative claims.

       Chase Auto Finance will be paid its pre-petition arrearage in the approximate amount of $3,265.00 next.

       The debtor(s) shall be responsible for the ongoing monthly mortgage payments to America's Servicing Co. and Wells Fargo Bank and the ongoing secured loan payments to Chase Auto Finance.

D.  UNSECURED CLAIMS

   All unsecured creditors filing claims duly proved and allowed by the Court shall receive a pro rata distribution of the funds remaining after payment of administrative and secured claims as set out above.

E.  OTHER PERTINENT PROVISIONS

   None